## Commonwealth v. Fry

*Rudolph M. Wertime*, district attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERD, P. J., October 29, 1948.—A prosecution was brought before a justice of the peace against defendant under section 1002(*a*) of The Vehicle Code of May 1, 1929, P. L. 905, which reads as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." The information failed to specify the speed at which defendant was alleged to have driven.

Defendant elected to have his case heard by the court of quarter sessions and gave bail for appearance before that court. When the matter was called before the court of quarter sessions, defendant made a motion to quash the information and dismiss the proceeding

on the ground that the information failed to specify the speed at which defendant was alleged to have operated his vehicle at the time of the alleged violation. The court overruled the motion, heard the evidence and, at the close of the evidence, defendant renewed his motion and the court took the whole matter under consideration.

Section 1002(e) provides as follows:

"In every information charging violation of this section, reference shall be made to this section, and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

This subsection very clearly states that the speed at which defendant is alleged to have driven must be set forth in every information charging violation of this section. The only section that it could possibly refer to is section 1002. The words "this section" certainly refer to the whole of section 1002 and to each one of the subsections thereof, which set forth a rule governing the operation of a motor vehicle on the highways of this Commonwealth as to speed.

There are three cases decided by lower courts in Pennsylvania which hold that the provision of subsection (e), as to setting forth the speed in the information, does not apply to prosecutions brought under subsection (a). They are Commonwealth v. Weber, 33 D. & C. 488, Lancaster County; Commonwealth v. Reber, 46 D. & C. 411, Montgomery County, and Commonwealth v. Edwin Palmer, No. 268 October Term, 1937, Franklin County. We have the highest respect for the courts which handed down these decisions but we cannot see how the statute can properly be interpreted in a way directly contrary to the express meaning of the words used, according to their common and approved usage, which is in no sense uncertain or ambiguous: Statutory Construction Act of May 28,

1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, art. III, sec. 33, 46 PS §533. It is urged in support of the interpretation given by the three cases above stated that any other interpretation is unreasonable and impairs the effectiveness of The Vehicle Code, because cases may arise in which a person was driving at a greater or less speed than was reasonable and proper under the circumstances, or at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead, in which there would be no opportunity to determine his speed as it might be for a very short distance and, further, that subsection (a) does not designate any particular speed or speeds which are forbidden but that the speed which is forbidden may be either too slow or too fast under the particular circumstances existing at the time.

We cannot see that the statute, as we interpret it, creates a result "that is absurd, impossible of execution or unreasonable": Statutory Construction Act, art. IV, sec. 52, 46 PS §552 (1). The heading of section 1002 is "Restrictions as to speed". As a practical matter, with reference to subsection (a), how can a court decide whether a speed is greater than is reasonable and proper under the conditions, which must be described, unless the speed is shown, and how can a court say that a person was driving at a speed greater than would permit bringing the vehicle to a stop within the assured clear distance ahead unless the speed were shown, the clear distance ahead were shown and there was evidence within what distance a vehicle going at the speed at which the vehicle in question was traveling could be stopped. As the whole question involved is based on the speed, the speed must be shown and, as the speed must be shown, defendant has the right to know at what speed it is alleged he was traveling. Otherwise, how could he properly defend himself? Defendant is entitled to call

witnesses to show that the speed at which he was going was not improper or unreasonable under the circumstances, or that the speed he was going was such as would enable him to stop within the clear distance ahead. Let us take some instances which are clearly under the provisions of section 1002(a). If a man were driving on a foggy night where he could see by his headlights only 25 or 50 feet ahead and he drove at a speed which would not enable him to stop within the shortened range of his headlights, he would violate subsection(a), but proof of that violation would consist of, in addition to the fog, the distance he could see in front by his headlights and the speed at which he was traveling. Surely it is not unreasonable that the speed, which it is alleged constituted the violation, should be set forth in the information so that he would be properly informed as to the substance of the charge against him. Again, if a man were driving on an icy road, which was clearly icy and slippery and had been driving on it for a considerable distance and then drove 10 feet back of another vehicle, if that was so close that, at the speed he was going, he could not have stopped within that distance ahead, he would have violated subsection (a), but would certainly be entitled, when prosecuted, to know the basis of the prosecution. Again, if a man drove through a village where official speed limit signs were not erected, on a day when there was considerable traffic in the village, or perhaps a sale was being held which had attracted a large number of persons and vehicles, and, as a consequence thereof, there was an unusual amount of pedestrian and vehicular traffic on and across the highway, or even when there was no such special occasion but where necessarily there would be more danger to persons and property when driving through the village than on the open highway, his speed, say 30 to 35 m.p.h., although less than the maximum

allowed, for instance 50 m.p.h., might very well be, under the conditions, greater than was reasonable and proper but again, if prosecuted, he has a right to know how fast it was alleged he was going so that he would have an opportunity to show, either that he was not going that fast or that such speed, under the conditions as he contended they were, was not unreasonable or improper. Because there may be cases in which the rule set by the legislature makes it difficult to allege the basis on which it is contended that defendant violated The Vehicle Code, or seems a hardship upon those having the burden to prove a defendant's violation thereof, is to our mind no reason to hold that the express provision of The Vehicle Code does not apply. The reason for subsection ($a$) is perfectly clear, for a speed, under the maximum at which a vehicle may be operated legally on the open highway may be entirely improper under certain conditions, some of which we have above referred to, and there should be a provision making such operating illegal, but when the legislature says that the person accused must be informed of the basis of the accusation and the speed at which he was traveling, it is certainly not for us to say that the legislature did not mean what it says because in certain cases it might be difficult to comply with the provision. Many of the cases where it would be practically impossible to allege the speed at which defendant was traveling when he was driving in a manner which was in disregard of the rights of others, or in a manner so as to endanger any person or property, can be prosecuted under section 1001($a$), which is headed, "Reckless Driving".

Defendant may well have done an act violating section 1002($a$) of The Vehicle Code, but he was entitled to be informed of the violation of The Vehicle Code, which he was alleged to have committed, in the

556

manner specifically provided by the legislature. This was not done and, therefore, defendant's motion to quash the information and dismiss the proceedings should be granted.

Now, October 29, 1948, it is ordered that the information be quashed, proceedings dismissed and the County of Franklin shall pay the costs.